IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HAROLD OK. HAGLER, #42055 | § | |
| VS. | § | CIVIL ACTION NO. 6:20cv500 |
| NURSE DAVIS | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Harold OK. Hagler, a former inmate within the Gregg County Jail, proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit complaining of alleged violations of his constitutional rights. The case was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report concerns Hagler's amended complaint, (Dkt. #20), and Nurse Davis's motion for summary judgment, (Dkt. #33), limited to the issue of exhaustion. For reasons explained below, the undersigned recommends that Defendant Davis's motion for summary judgment be granted, and that this lawsuit be dismissed, without prejudice, for the failure to exhaust administrative remedies.

**I. Hagler's Amended Complaint**

Hagler's amended complaint, (Dkt. #20), is the operative pleading in this case. An amended complaint entirely supersedes and takes the place of the original complaint. *See Clark v. Tarrant Cnty.*, 798 F.2d 736 (5th Cir. 1986). The record reflects that the undersigned granted Hagler's motion to add Nurse Davis as a defendant in this case; in the same order, the undersigned directed him to amend his complaint to incorporate all of his allegations in this lawsuit and explained that the amended complaint would act as the operative pleading, (Dkt. #17). Hagler filed his amended complaint, (Dkt. #20), which named only Nurse Davis as the sole Defendant in this case. He seeks compensation based on the following:

> I arrived at Gregg County Jail 500 pm 8/1/2020 thrown in [sic] cell 3. [At] about 11 to 12 I notice shortness of breath so I yelled out to Officer Johnson. He got Nurse Davis which she stood looking and then left as time passed I've gotten wors[e]. So I yelled once more Officer Johnson got Nurse Davis still no help I rolled on to the floor where I laid not knowing in my own feces going into cardi[ac] arrest. Co Phillis and Co Hucthionson [sic] picked me up [sic] am where I learn I was a[t] Good Shepherd Hospital.

Dkt. #20, pg. 4.

## II. Nurse Davis's Motion for Summary Judgment

Davis urges this Court to dismiss Hagler's lawsuit for his failure to exhaust his required administrative remedies before filing this lawsuit. Specifically, she argues that Hagler submitted one grievance at the Gregg County Jail concerning this incident—but failed to follow the grievance procedure to completion. The Court notes that Hagler has not filed a response to the motion for summary judgment.

## III. Summary Judgment Evidence

Defendant Davis attached exhibits to her motion for summary judgment:

> **Exhibit A: Affidavit of Chief Deputy Jeff Callaway;**
>
> **Exhibit A-1: Documents from Hagler's incarcerations at the Gregg County Jail; and**
>
> **Exhibit A-2: The Gregg County Jail Inmate Handbook**

As mentioned, Hagler did not file any response in opposition to summary judgment. The evidence is therefore undisputed.

## IV. Legal Standards

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary

2

judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

The United States Court of Appeals for the Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id*. at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

## V. Discussion and Analysis

A review of the summary judgment evidence, viewed in the light most favorable to Hagler, demonstrates that the evidence before the Court could not lead to different factual findings and conclusions regarding his claims. In other words, summary judgment favoring Davis is appropriate in this case. The competent summary judgment evidence reveals that Hagler filed one grievance while incarcerated within the Gregg County Jail for his incident on August 15, 2020. He did not follow the Jail's grievance procedures to completion—as he failed to appeal his grievance and failed to appeal to the Sheriff.

It is well-settled that inmates must exhaust any and all administrative remedies before proceeding in federal court. *See Gonzalez v. Seal*, 702 F.3d 785, 787 (5th Cir. 2012) (explaining that pre-filing exhaustion is both mandatory and non-discretionary). Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996, which mandated that no action shall be brought by a prisoner "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

The exhaustion provision was unanimously upheld by the Supreme Court in *Booth v. Churner*, 532 U.S. 731 (2001). The Court subsequently held that exhaustion is mandatory, and

3

that the requirement will not be excused when an inmate fails to properly exhaust his administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Proper exhaustion means that an inmate must not only pursue all available avenues of relief but must also comply with all administrative deadlines and procedural rules. *Id.* at 90-91. The Fifth Circuit recently reiterated the principle that "[p]re-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez*, 702 F.3d at 788.

The Supreme Court elaborated further about the exhaustion requirement in *Jones v. Bock*, 549 U.S. 199 (2007). It was noted that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Id.* at 211. It was added, however, that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Id.* at 216. Proper exhaustion is determined by reference to the applicable agency's grievance procedures. *Jones*, 549 U.S. at 217-18; *Patterson v. Stanley*, 547 F. App'x 510, 511 (5th Cir. 2013).

The Court takes judicial notice that the Gregg County Jail has a written grievance policy for inmate grievances which is detailed in the Inmate Handbook. *See Muckleroy v. White*, case no. 6:19cv363 (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1) (E.D. Tex. 2020); *Moody v. Crumbaker*, case no. 6:20cv243 (Dkt. #30-1, p. 2; Dkt. #30-3, p. 1) (E.D. Tex. 2021). The Jail provides grievance forms for inmates to write their grievance. *See* case no. 6:19cv363 (Dkt. # 32-1, p. 2).

Upon receipt of a grievance, the Grievance Board reviews the grievance and determines the appropriate action to redress the grievance. (Dkt. #32-1, p. 2; Dkt. #32-3, p. 1). The Grievance Board submits a written response to the inmate within 15 days. *Id.* If the inmate disagrees with the response of the Grievance Board, he may appeal the decision to three levels. *Id.* The first appeal is submitted to the Facility Lieutenant. *Id.* The second appeal of the Facility Lieutenant's decision

4

is to the Jail Administrator. (Dkt. #32-1, pp. 2-3). The third appeal of the Facility Administrator's decision is to the Sheriff. (Dkt. #32-1, p. 3). The Sheriff's decision is final. *Id.*

The Jail also utilizes a kiosk system in the jail cells. The inmates do not have to use this system, but it is available to them in addition to the paper forms. *Id.* When an inmate submits a grievance using the kiosk, the grievance is then transmitted to the designated officers serving in the Grievance Board position. *Id.* The process for review, response, and appeal are the same when grievances are sent through the kiosk as they are for the paper forms. *Id.*

All steps of the grievance procedure must be completed for a grievance to be considered exhausted. *Johnson* 385 F.3d at 515. The Supreme Court has clearly specified that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. Accordingly, an inmate in the Gregg County Jail like Plaintiff, prior to filing a lawsuit, must pursue this multi-step process that includes grieving to jail staff—and if still dissatisfied—submitting an additional appeals.

Here, the summary judgment evidence—which he does not dispute—reveals that Hagler submitted one grievance on August 15, 2020, concerning this incident. The grievance appears as follows:

Dkt. #33, pg. 17. Hagler explained that he "nearly died" and that he called "out for help," but that "they still don't stop," which is consistent with his allegations within his amended complaint. The evidence is devoid of any additional grievances, appeals, or follow-ups.

The evidence also includes an affidavit from Chief Deputy Callaway, who explained that Hagler "submitted one paper form marked 'Grievance' regarding the medical care in question prior to filing his lawsuit, but he failed to follow the grievance process to conclusion." *Id*. at pg. 13. As the custodian of records at the jail, Chief Deputy Callaway's affidavit confirms the lack of any appeals submitted by Hagler. Accordingly, Hagler failed to exhaust his required administrative remedies prior to filing this lawsuit and this action should be dismissed.

## VI. Conclusion

A review of the pleadings and competent summary judgment evidence shows that there are no disputed issues of material fact, and that Davis is entitled to a judgment as a matter of law. Consequently, Davis's motion for summary judgment should be granted and this cause of action should be dismissed without prejudice.

In the interests of justice, however, the Court should suspend the statute of limitations for a period of sixty days from the date of Final Judgment. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used.").

RECOMMENDATION

For the foregoing reasons, it is recommended that Defendant Davis's motion for summary judgment limited to the issue of exhaustion, (Dkt. #33), be granted and Plaintiff's claims be dismissed without prejudice. The undersigned further recommends that the statute of limitations be suspended in this case for a period of sixty days from the date of Final Judgment.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 30th day of December, 2022.

*K. Nicole Mitchell*
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE